**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DAVID ROBINSON,

                Plaintiff,

       v.                                  No. 14-CV-141
                                                        (DNH/CFH)

COMMISSIONER PETER M. RIVERA, et al.,

                Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

DAVID ROBINSON
Plaintiff, Pro Se
134-34 241 Street
Rosedale, New York 11422

**CHRISTIAN F. HUMMEL**
**U.S. MAGISTRATE JUDGE**

**REPORT-RECOMMENDATION and ORDER**

The Clerk has sent to the Court for review a complaint filed by pro se plaintiff David Robinson. Compl. (Dkt. No. 1). Robinson has also filed a motion to proceed in forma pauperis (IFP). Dkt. No. 2.

**II. DISCUSSION**

**A. In Forma Pauperis Application**

Turning first to Robinson's IFP Application, after reviewing the entire file, the Court finds that Robinson may properly proceed with this matter IFP.[1]

---

[1] Robinson's IFP application indicates that he receives weekly unemployment benefits and an undisclosed amount of public benefits via Medicaid. Dkt. No. 2 at 1. As such benefits are administered to those who are economically disadvantaged, IFP status

### B. Plaintiff's Complaint

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed in forma pauperis, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

Robinson is a sovereign citizen seeking damages and injunctive relief contending that defendants have "failed to discharge the debt as is required by law and has levy Mr. Robinson eight (8) transactions and counting," establishing a pattern or policy of failing to discharge debt upon proper notification. Compl., ¶¶ 25-26. While the contents of the complaint do not include details on the debt, liberally reading the submissions provided in the complaint and IFP application, it appears that, as of July 10, 2013, Robinson owes a little over $1,500.00 to the Unemployment Insurance Division for overpayments made to Robinson by the New York State Department of Labor. Dkt. No. 2 at 3, 6. It also seems that Robinson unsuccessfully attempted to have his claim transferred to Bankruptcy Status. Id. at 6. Robinson filed a grievance regarding the alleged overpayment and demand for return of funds with all named defendants on December 6, 2013. Id. at 7.

Robinson contends the Court has jurisdiction pursuant to various federal statutes.[2] The

---

will be granted even though Robinson did not fully complete the application.

[2] Robinson contends that the Court has jurisdiction pursuant to 18 U.S.C. §§ 241 & 242. Compl. ¶¶ 4, 17-18. However, Robinson also acknowledges that "[a] private citizen

statute most appropriate for the continuation of the complaint is 42 U.S.C. § 1983, for the alleged deprivation of various constitutional rights. Compl. ¶¶ 4, 13-16. In pertinent part, Section 1983 provides that:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding . . . .

42 U.S.C. § 1983. However, "[n]either a state nor one of its agencies nor an official of that agency sued in his or her official capacity is a 'person' under § 1983." Spencer v. Doe, 139 F.3d 107, 111 (2d Cir. 1998) (citations omitted); see also Hilton v. Wright, 928 F. Supp. 2d 530, 546 (N.D.N.Y. 2013) (citations omitted). Accordingly, to the extent Robinson attempts to sue the State of New York, the Department of Labor, and its Commissioner for duties completed in his official capacity, such suits are dismissed as frivolous because they are lodged against the state and its agencies which are not "persons" pursuant to the statute. Therefore, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. Further, given the fact that this statute is inapplicable to these named defendants, allowing Robinson to amend would be futile and thus is not recommended. See e.g., Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (holding that while pro se litigants are generally given an opportunity to amend their complaints to cure any deficiencies, where "[t]he

---

has no standing to force arrests and prosecutions in Federal Court," seeking instead for judicial intervention. Id. ¶ 19. Pursuing such claims is inappropriate as neither of these statutes creates a private right of action for an individual. See Hill v. Didio, 191 F. App'x 13, 14-15 (2d Cir. 2006) (citations omitted). Further, the Court declines to comment on the proposition that it has a duty to initiate and engage in criminal investigations and prosecutions.

problem with [the] causes of action is substantive; better pleading will not cure [the deficiencies and r]epleading would . . . be futile," thus leave to amend should be denied) (citations omitted).

Further, the Eleventh Amendment provides immunity to states, state agencies, and state officers unless and until such immunity has been waived. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98 (1984) (citing Hans v. Louisiana, 134 U.S. 1, 21 (1890)) ("[D]espite the limited terms of the Eleventh Amendment, a federal court [cannot] entertain a suit brought by a citizen against his [or her] own State."); Gollomp v. Spitzer, 568 F.3d 355, 366 (2d Cir. 2009) (explaining that Eleventh Amendment immunity extends to both states and state agencies) (citations omitted). The state, its agencies, and its officers working in their official capacities have immunity pursuant to the Eleventh Amendment which also bars suit. There has been no showing that immunity has been waived or that any of the named defendants have consented to suit. Therefore, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

To the extent that Robinson alleges claims against the Governor and the Commissioner in their individual capacities, such contentions are also presently lacking. "'[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'" Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994) (quoting Moffitt v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991)); see also Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). In the present case, Robinson has failed to allege specific facts against either individual detailing how that individual has

violated Robinson's constitutional rights. Robinson has failed to state when, where or how the Commissioner and Governor were involved with the matter at hand. Accordingly, without that information, dismissal would be appropriate pursuant to 28 U.S.C. §§ 1915(e) and 1915A. However, in light of Robinson's pro se status, this Court recommends that prior to dismissing this action, Robinson be directed to amend his complaint to provide clearer details regarding his claims, specifically how defendants Commissioner Rivera and Governor Cuomo were personally involved in the alleged constitutional violations.

### III. Conclusion

**WHEREFORE**, it is hereby

1. **ORDERED** that Robinson's IFP application (Dkt. No. 2) is **GRANTED;** and it is further

2. **RECOMMENDED** that pursuant to the Court's review under 28 U.S.C. § 1915 and § 1915A, Robinson's complaint is **DISMISSED** for failure to state a claim; and it is further

3. **RECOMMENDED** that alternatively, in light of his pro se status, prior to dismissing Robinson's complaint in its entirety, he be provided an opportunity to amend his complaint to expand upon the facts that would support his claim for entitlement to relief, and specifically, the personal involvement of defendants Commissioner Rivera and Governor Cuomo; and it is further

4. **ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on the parties in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)). **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: February 12, 2014
       Albany, New York

Christian F. Hummel
U.S. Magistrate Judge